# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ELIZABETH BRADEN | CIVIL ACTION |
| VERSUS | NO: 08-0043 |
| STANDARD FIRE INSURANCE CO. | SECTION: "S" (2) |

## ORDER AND REASONS

The motion to remand (Doc. #17) filed on behalf of the plaintiff Elizabeth Braden is **GRANTED.**

### BACKGROUND

This is a Katrina insurance dispute which originally involved several plaintiffs, and was removed to this court based on diversity of citizenship.[1] Shortly after removal, the individual cases were severed from one another, and plaintiffs' counsel was ordered to file amended complaints for each plaintiff.[2] Plaintiff filed an amended and supplemental petition for damages and the matter was docketed with another case number (Doc. #1).

Plaintiff was issued a homeowner's policy by the defendant Standard Fire Insurance

---

[1] *See Belinda Thompson, et al v. Travelers Casualty Ins. Co. of Am.*, No. 07-8496 (E.D. La.)(Doc. #1).

[2] *See Belinda Thompson, et al v. Travelers Casualty Ins. Co. of Am.*, No. 07-8496 (E.D. La.)(Doc. #3).

Company for her property at 14217 Intrepid St., New Orleans, La. The underlying petition is silent with regard to the damages sought, and seeks further insurance proceeds, penalties and attorney's fees.

Plaintiff has moved to remand and has signed a "binding stipulation as to amount in controversy," stating that the total damages sought by plaintiff do not exceed $75,000, including all penalties and attorney's fees, but exclusive of interest and costs.

Defendant urges that relying on plaintiffs' petition, it is "facially apparent" that the amount in controversy exceeds $75,000 because the limits on plaintiffs' policy are $286,000, because plaintiff seeks penalties and attorney's fees, and because plaintiff asserts damages to her roof, roof vents, windows, and water intrusion damage.

## ANALYSIS

**1. Legal Standard**

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "To determine whether jurisdiction is present for removal, we consider the *claims in the state court petition as they existed at the time of removal*."[3] Ambiguities are construed against removal because the removal statue should be strictly construed in favor of remand.[4] Doubts regarding whether federal jurisdiction is proper should be resolved

---

[3] *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)(*citing De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied, Torreblanca de Aguilar v. Boeing Co.*, 516 US 865 (1995))(emphasis added).

[4] *Manguno*, 276 F.3d at 723 (*citing Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000)).

against federal jurisdiction.[5]

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.[6]

In Louisiana state courts, plaintiffs are not ordinarily allowed to plead a specific amount of money damages. The Fifth Circuit has held that when a case in which the plaintiff has alleged an indeterminate amount of damages is removed, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[7] A defendant satisfies this burden either by showing that it is "facially apparent" that the plaintiff's claims exceed the jurisdictional amount, or by setting forth the facts in dispute support a finding that the jurisdictional amount is satisfied.[8]

If the "facially apparent" test is not met, the court may consider summary judgment type evidence relevant to the amount in controversy as of the time of removal.[9] If the defendant meets its burden, the plaintiff can defeat removal only by establishing with legal certainty that the claims do not exceed $75,000.[10]

In a claim based on recovery under an insurance policy, it is the value of the claim, not the

---

[5] *Acuna,* 200 F.3d at 339.

[6] *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

[7] *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999).

[8] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[9] *Allen*, 63 F.3d at 1336.

[10] *De Aguilar,* 47 F.3d at 1412.

value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy.[11] The defendant must do more than point to a state law that *might* allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[12]

## 2. Motion to Remand

The initial petition for damages does not allege a specific amount of damages.[13] Defendant argues that nonetheless, it is "facially apparent" that the amount in controversy exists and relies on its policy limits, plaintiff's claim for penalties and attorney's fees, and plaintiff's brief description of roof damages as evidence of the amount in controversy.[14] Standard's conclusional references to policy limits and to allegations which are silent about the amount in controversy does not meet the "facially apparent" requirement that the amount in controversy exceeds $75,000.[15] Further, Standard's references to state law regarding penalties and attorney's fees are equally insufficient.[16] Removal cannot be based upon conclusional allegations.[17]

Additionally, plaintiff has signed a binding stipulation, conceding that damages are below

---

[11] *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).

[12] *See De Aguilar*, 47 F.3d at 1412 (emphasis in original).

[13] The amended and supplemental petition for damages also does not allege a specific amount of damages.

[14] Standard does not provide a copy of its policy; copies of payments, if any, that were made to the plaintiffs; or any damage estimates, if any.

[15] *See Hartford Ins. Grp.,* 293 F.3d at 911; *De Aguilar,* 47 F.3d at 1412.

[16] *Simon,* 193 F.3d at 850.

[17] *Simon*, 193 F.3d at 850 (*citing Allen,* 63 F.3d 1326 at 1335.).

$75,000.

Standard has not met its burden of proof through a preponderance that the amount n controversy exceeds $75,000. Therefore, this court lacks diversity jurisdiction. Accordingly, the motion to remand is **GRANTED**.

New Orleans, Louisiana, this 21st day of January, 2009.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**